UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ELIJAH J. GUICHARDO, CARMEN C.
GUICHARDO, and CARMEN R. YENTES
PUESAN,

                          Plaintiffs,

          v.

OFFICER KEEFREY, et al.,

                          Defendants.

-------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
15-CV-6478 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Elijah J. Guichardo ("Elijah"), Carmen C. Guichardo ("Carmen C.") and Carmen R. Yentes Puesan ("Carmen R."), proceeding *pro se*, commenced the above-captioned action on November 5, 2015, against 114 Defendants including the 110th and 115th Precincts of the New York City Police Department ("NYPD") and numerous John and Jane Doe NYPD officers. (Compl. 1–7,[1] Docket Entry No. 1.) The 101-page Complaint asserts claims pursuant to 42 U.S.C. § 1983 and alleges that Plaintiffs were discriminated against due to their race in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution and 18 U.S.C. § 242. (Compl. 7–9, 12.) Plaintiffs also appear to assert various state-law claims including negligence and intentional infliction of emotional distress. (*Id.* at 7.) Plaintiffs seek monetary damages; "[v]indication of [Plaintiffs'] names;" "closing and suspension" of the 110th and 115th Precincts; and "revocation of [the] badges, titles, certificates, etc." of the individual NYPD officers named as Defendants. (*Id.* at 9.) The Court grants Plaintiffs' requests to proceed

---

[1] Because the Complaint is not consecutively paginated, all citations to pages of the Complaint refer to the Electronic Document Filing System pagination.

*in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and, for the reasons set forth below, dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs are granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

The 101-page Complaint consists of (1) an eleven-page pleading, (Compl. 1–11); (2) a five-page "[f]actual [c]hronological [s]ummary" that lists the dates and descriptions of various incidents involving encounters between Plaintiffs and NYPD officers, (*id.* at 12–16); (3) correspondence and various complaints filed by Plaintiffs with, among others, the City of New York, the Civil Rights Division of the United States Department of Justice, the New York Civil Liberties Union, and the Office of the Inspector General for the New York State Unified Court System, (*id.* at 17–87); and (4) a twenty-page list of "other results of injuries caused by defamation, intentional racial discrimination and retaliation," (*id.* at 88–110). The Complaint does not include a "Statement of Claim." Instead, the eleven-page pleading repeatedly directs the reader to "read [the] attachments" without indicating the particular page or pages that are relevant. (*See, e.g., id.* at 7–9.) The "[f]actual [c]hronological [s]ummary" is primarily comprised of entries describing encounters between Plaintiffs and NYPD officers in which Elijah or Carmen C. were stopped and frisked or arrested and in which Plaintiffs were "racially profiled and harassed" or otherwise mistreated.

**II. Discussion**

    **a. Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

    b. **Rule 8(a) — short and plain statement of claim**

The Complaint fails to include a "short and plain statement of the claim" showing that Plaintiffs are entitled to relief. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the

principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))); 15 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1281 (3d ed. 2007) (noting that "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage"). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. *Simmons*, 49 F.3d at 86 ("When a complaint fails to comply with [Rule 8's] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial."). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Salahuddin*, 861 F.2d at 42); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of "88-page, legal size, single spaced *pro se* complaint" that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and thus "failed to comply with the requirement of Rule 8"); *see also Kalter v.*

4

*Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing complaint *sua sponte* because it contained "only broad, vague and generalized allegations" and thus failed to comply with Rule 8); *Henry v. Brown*, No. 14-CV-2828, 2014 WL 2112699, at *1 (E.D.N.Y. May 19, 2014) (dismissing a *pro se* complaint that alleged "no facts" to support a federal cause of action against the named defendant); *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (dismissing 476-page complaint that was "indisputably prolix and often unintelligible" because "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought").

Plaintiffs fail to state their claims in the eleven-page pleading portion of the Complaint and instead refer generally to the ninety pages of attached documents which are lengthy, confusing and disorganized. As a result, it is almost impossible to discern the precise nature of Plaintiffs' claims from the pleading and attachments and the Complaint is not sufficient to allow Defendants to respond in a meaningful manner. The Complaint is therefore dismissed without prejudice. *See Simmons*, 49 F.3d at 86.

    c. **Defendants 110th and 115th Precincts**

The Complaint names the NYPD 110th and 115th Precincts as Defendants. However, section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Jenkins v. City of*

*New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to non-suable-entity status); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) (dismissing § 1983 claim against the NYPD's 46th Precinct as non-suable agency). Therefore, the 110th and 115th Precincts are dismissed from the Complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). To the extent Plaintiffs seek to plead a case against these Precincts, they must bring a claim against the City of New York.

### d. 18 U.S.C. § 242

Plaintiffs appear to assert claims pursuant to 18 U.S.C. § 242. (Compl. 7–9.) Section 242, however, is part of the United States criminal code and there is no private right of action under this section. *See Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) ("[T]here is no private right of action under [18 U.S.C.] § 242 . . . ."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of plaintiff's claim under 18 U.S.C. § 242 because this "criminal statutes . . . do[es] not provide private causes of action"). Plaintiffs' claims under 18 U.S.C. § 242 are therefore dismissed for failure to state a claim.

### e. Warning regarding the filing of frivolous claims

The Complaint fails to plausibly assert any claim for relief and is the third in a series of complaints that Plaintiffs have recently filed in this Court. *See Guichardo, et al. v. Hanson, et al.*, No. 15-CV-585 (filed February 4, 2015 and dismissed by order dated November 6, 2015, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, and granting

Plaintiffs an opportunity to replead); *Guichardo, et al. v. Langston Hughes Queens Library, et al.*, No. 15-CV-2866 (filed May 14, 2015 and dismissed by order dated November 20, 2015, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the federal pleading requirements under Rule 8, and granting Plaintiffs an opportunity to replead).

Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). Plaintiffs are warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting them from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Amaker v. Haponik*, 125 F. App'x 375, 376 (2d Cir. 2005) (warning plaintiff that "filing of frivolous appeals . . . may result in the imposition of leave-to-file sanctions," because "[s]uch a measure is appropriately applied to those litigants who have a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints'" (quoting *In re Sassower*, 20 F.3d at 44)); *In re Knows*, No. 12-CV-1908, 2012 WL 2923317, at *2 (E.D.N.Y. July 18, 2012) (putting plaintiff "on notice that any future filing of vexatious or frivolous complaints with the court may lead the court to impose an injunction prohibiting her from filing a complaint without the court's prior

authorization" (citing *In re Sassower*, 20 F.3d at 44)).

  **f. Leave to amend**

  Plaintiffs' claims under section 1983 against Defendants other than the 110th and 115th Precincts are dismissed without prejudice. Should Plaintiffs wish to pursue these claims, Plaintiffs are granted thirty (30) days' leave to file an amended complaint in accordance with this Memorandum and Order. The amended complaint must contain a brief factual description of each claim asserted. For each defendant named in the caption of the amended complaint, Plaintiffs must include a brief description of what that defendant did or failed to do, and how that act or omission caused Plaintiffs' injury. Plaintiffs may not rely on legal conclusions and must allege clear and concise facts to support each of their claims. *See* Fed. R. Civ. P. 8(a). The facts relevant to each claim should be alleged in chronological order by date. Each event should be described in a separate numbered paragraph, and Plaintiffs must provide the dates and locations of all relevant events. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

### III. Conclusion

For the foregoing reasons, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs are granted thirty (30) days' leave to file an amended complaint in accordance with this Memorandum and Order. If Plaintiffs fail to file an amended complaint within thirty (30) days, the Court shall dismiss this Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

　　　s/ MKB　　　　　　
MARGO K. BRODIE
United States District Judge

Dated: November 24, 2015
　　　　Brooklyn, New York